51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose MENDEZ, Plaintiff-Appellant,
v.
James GOMEZ, L. Jones, Warden of North Kern State Prison;
R--Program Administrator; Sergeant McEwen; J--Brown,
Officer; J--Brown Officer; G--Officer; Big CDC
Correctional Officer; D--Chief Medical Officer and
MR--Medical Trained Assistant, Defendants-Appellees.
 No. 94-16205.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-94-05469-OWW; Oliver W. Wanger, District Judge, Presiding.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Mendez, a California state prisoner, appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 action on grounds that his complaint failed to contain a short and plain statement of his claims, as required by Fed.R.Civ.P. 8(a)(2). We dismiss Mendez's appeal for lack of jurisdiction.
 
 
 3
 Fed.R.App.P. 4(a)(4) provides that a notice of appeal from a judgment, filed during the pendency of a Fed.R.Civ.P. 59(e) motion, shall be held in abeyance and become effective upon the date of entry of the order disposing of Rule 59(e) motion. Fed.App.P. 4(a)(4); Schroeder v. McDonald, 41 F.3d 1272, 1276 (9th Cir.1994). Thus, this court is without jurisdiction to review the underlying judgment until the date of the entry of the order disposing of the Rule 59(e) motion.
 
 
 4
 Here, the district court entered its judgment dismissing Mendez's action on June 24, 1994. On July 5, 1994, Mendez served on the defendants a timely motion to vacate the judgment.[1] On July 7, 1994, Mendez filed his notice of appeal from the underlying judgment.
 
 
 5
 We lack jurisdiction over this appeal because Mendez's Rule 59(e) motion to vacate the judgment is still pending in the district court. See Fed.R.App.P. 4(a)(4); Schroeder, 41 F.3d at 1276.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Civ.P. 6(a) provides in part, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."